**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **TRENT NORRIS AND DAYNA OWEN** | § | |
| | § | **CIVIL ACTION NO. _____** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **JURY DEMANDED** |
| **INSURANCE COMPANY AND** | § | |
| **THOMAS BOGGS** | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

　　Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("United Property"), a Defendant herein, removes to this Court the state court action pending in the 122nd Judicial District Court of Galveston County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

### I.　BASIS FOR REMOVAL

　　1.　　On October 2, 2019, Plaintiffs, Trent Norris and Dayna Owen ("Plaintiffs"), filed suit in Galveston County against the Defendants. The suit was assigned to the 122nd Judicial District Court of Galveston County, Texas, styled Cause No. 19-CV-1894; *Trent Norris and Dayna Owen v. United Property & Casualty Insurance Company and Thomas Boggs* (the "State Court Action"). *See* Plaintiffs' Original Petition, incorporated herein under **Exhibit B**. Defendant, United Property, was served/received notice of this lawsuit on October 9, 2019. Defendant, Thomas Boggs ("Boggs") has not been formally served/received notice of this lawsuit at this time. As required by 28 U.S.C. § 1446(b), this Notice of Removal is timely filed by United Property within thirty (30) days following receipt by Defendant of the initial pleadings.

2.      Removal of this action is proper because this Court has original diversity jurisdiction under 28 U.S.C. § 1332 and the action is one that may be removed by United Property pursuant to 28 U.S.C. § 1441(b); specifically, this is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and the proper parties are diverse.

A.      **THE PARTIES ARE OF DIVERSE CITIZENSHIP**

3.      Upon information and belief, and based on the allegations set forth in Plaintiffs' Original Petition, Plaintiffs are citizens of Texas, and reside in and own residential property in Galveston County, Texas.

4.      United Property is not a citizen of Texas. United Property is a foreign organization incorporated pursuant to the laws of the State of Florida and has its principle place of business in Florida. Accordingly, Defendant United Property is of diverse citizenship to Plaintiffs.

5.      Defendant Boggs *is* a citizen of the State of Texas. With respect to the claims against Boggs, however, it is United Property's position that he has been improperly joined in this action and that he is not a proper party. Therefore, as explained below, the Court should disregard Boggs' citizenship for the purposes of affirming diversity jurisdiction because Plaintiffs joined Boggs as a sham, solely to defeat diversity jurisdiction. Additionally, Defendant United Property filed its Election of Legal Representation under § 542A.006 of the Texas Insurance Code on November 5, 2019. Pursuant to §542A.006(c), no cause of action exists against and he Boggs must be dismissed with prejudice.

i.      ***Thomas Boggs Has Been Fraudulently Joined as a Sham Defendant***

6.      Plaintiffs' decision to sue Boggs in this matter is an abusive tactic aimed solely at manipulating the forum and depriving United Property of its Constitutionally-created right to have this dispute adjudicated in federal court. The assertions in the Petition, at most, establish that Boggs

inspected the Plaintiffs' property at United Property's direction and that he provided an estimate of the damages he observed to United Property. Plaintiffs' alleged disagreement with the amount of Boggs' estimate does not give rise to a viable claim against Boggs under the Insurance Code or any other statute, and Plaintiffs have not plead facts that could demonstrate any reasonable basis for recovery against Boggs. Accordingly, Boggs has been improperly joined and the Court should disregard his Texas citizenship, maintain jurisdiction over this matter, and dismiss Boggs from the suit.

      **ii.**    *Fraudulent Joinder Standard*

      7.    Pursuant to 28 U.S.C. § 1441(b), an action shall be "removable…if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." A defendant named in the state court action may be disregarded when the party was joined fraudulently to defeat diversity jurisdiction. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995); *Griggs v. State Farm Lloyds*, 181 F.3d 694 (1999). In any case involving an improperly or fraudulently joined party, written consent for removal of the improperly or fraudulently joined party is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); 28 U.S.C. § 1446(b)(2)(A). A removing party alleging jurisdiction on the basis of fraudulent joinder must prove the existence of fraud. *Jernigan* 989 F.2d at 815. To prove fraud, United Property "must show either that (1) there is no possibility that Plaintiffs will be able to establish a cause of action against Boggs in state court; or that (2) there has been outright fraud in Plaintiffs' pleadings of jurisdictional facts." *Id*. In determining whether a party was fraudulently joined, courts must "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in the non-movant's favor." *Griggs*, 181 F.3d at 699. The proceeding is "similar to that used on a motion for summary judgment under Rule 56(b)." *Id*. The petition filed in

state court controls the inquiry, thus any post-removal filing may not be considered when or to the extent such filing presents new causes of action or theories. *See Cavallini,* 44 F.3d at 264.

8.      Further, "fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgement-type evidence such as affidavits and deposition testimony." *Cavallini* 44 F.3d at 263. *See also Sohmer v. American Medical Security, Inc.*, No. 3:02-CV-1680, 2002 WL 31323763, *2 (N.D. Tex. Oct. 15, 2002) ("court may pierce the pleadings and look at additional evidence regarding the alleged state law claim only to causes of action asserted in the petition at the time of removal"). "A court should not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts to support his claims against the non-diverse defendant." *Walden v. American General Life*, 244 F.Supp.2d 689, 692 (S.D. Miss. 2003). While the burden of establishing fraudulent joinder is heavy, the Fifth Circuit has never held that a "particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist." *Griggs*, 181 F.3d at 701.

9.      United Property does not claim fraud in the recitation of jurisdictional facts, as it does not dispute that Boggs and Plaintiffs are Texas residents. Therefore, United Property must meet the second prong and establish that, as a matter of law, Plaintiffs have not alleged a valid state-law cause of action against Boggs. *Id.* at 699. The Fifth Circuit has clarified that the "federal pleading sufficiency standard applies to analyzing improper joinder." *Lopez v. Allstate Vehicle and Property Insurance Company*, No. 4:17-CV-00103, 2017 WL 1233831, at * 3 (E.D. Tex. Apr. 4, 2017). Therefore, "if a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no proper joinder" *Id.* at *2 (quoting *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1]

### iii. *The Factual Allegations in Plaintiffs' Original Petition Provide No Reasonable Basis to Predict Plaintiffs Could Recover Against Boggs*

10.     Plaintiffs' Original Petition fails to articulate how the conduct of Boggs constitutes a

plausible cause of action against him. *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, No.

5:16-cv-00108, 2016 WL 5791206, at *3 (W.D. Tex. Sep. 30, 3016) ("Plaintiff has failed to allege,

however, that defendant Pritchard had authority to settle plaintiffs' claim, and therefore cannot

establish this cause of action against defendant Pritchard"). Plaintiffs' generic allegations about the

undifferentiated conduct of "Defendants" fail to provide any facts capable of stating a plausible

claim against Boggs under Federal pleading standards.[2]

11.     "[M]erely lumping diverse and non-diverse defendants together in undifferentiated

liability averments of a petition does not satisfy the requirements to state specific actionable conduct

against the non-diverse defendant." *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No.

4:14-cv-524-A, 2014 WL 11474841, at *5 (N.D. Tex. Sep. 25, 2014) (citing *Studer v. State Farm

Lloyds*, No. 4:13-cv-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014). Accordingly, the Court

should give no effect to Plaintiffs' generic global allegations directed collectively toward both

Defendants, and should conclude that such allegations fail to state an actionable claim with respect

to Boggs and do not support his joinder as a defendant in this case.

---

[1] See also *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 108 (S.D. Tex. 1994) (citing *Jewel v. City of Covington*, 425 F.2d 459, 460 (5th Cir. 1970). *See also*, *Sohmer*, 2002 WL 31323763 at *3 (holding that the plaintiff's petition, which plead nothing more than that an agent made a general statement about the policy's coverage, was wholly devoid of any allegations supporting a cause of action for misrepresentation upon which the plaintiff could recover.); *Walden*, 244 F.Supp.2d at 692 ("removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant").
[2] *See* Plaintiffs' Original Petition.

12.     The assertions in Plaintiffs' Original Petition that do specifically refer to Boggs relate to Plaintiffs' disagreement with the amount and scope of Boggs' repair estimate.[3] Plaintiffs' lodge generic allegations that Boggs "failed to perform a reasonable or adequate inspection or investigation of Plaintiffs' claim," "neither adjuster for, nor included, the full scope of Plaintiffs' roof damage and neglected to even note, much less properly address, non-flood damage to multiple rooms," and that "upon information and belief," both United Property and Boggs "set out and overly sought to under-scope, underpay, and ultimately minimize Plaintiffs' Claim for covered damages."[4] Such claims are too conclusory to demonstrate any plausible right to relief.[5]

13.     Like the allegations against Boggs set forth in Plaintiffs' Original Petition, the only specific allegations against adjuster-defendant Gallegos in *Plasencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.[6]

The court in *Plasencia* found these allegations to be merely conclusory and lacked the factual specificity "that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of Gallegos's conduct." *Id.* at *6. In reaching this conclusion, the court noted that it was the

---

[3] *See* Plaintiffs' Original Petition.

[4] *Id.* at ¶¶ 15, 16, 18.

[5] *Id.* at ¶¶ 15-19, 31-37.

[6] *Id.*

defendant-insurer, rather than adjuster, "that would have made the decision as to whether to pay, and what to pay, the plaintiff," and "notwithstanding plaintiff's boilerplate allegations against [the adjuster], plaintiff's focus, and true complaint, has to do with [the insurer's] failure to pay plaintiff what plaintiff says he should receive under the terms of his insurance policy." *Id*. (citing *Griggs v. State Farrm Lloyds*,181 F.3d 694, 699 (5th Cir. 1999)).

14.     Here, the "factual" allegations against Boggs are nearly identical and equally conclusory, and they do not support the causes of action asserted against him for violations of Chapter 541 of the Texas Insurance Code. Specifically, Plaintiffs assert that Boggs violated Insurance Code Sections 541.060(a)(1) for "misrepresenting to Plaintiffs material facts relating to the coverage at issue;" 541.060(a)(2)(A) for "failing  to attempt in good faith to effectuate a prompt, fair, and equitable settlement of ... a claim with respect to which the insurer's liability has become reasonably clear;" 541.060(a)(3) for "failing to promptly provide Plaintiffs with a reasonable basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim;" 541.060(a)(4) for "failing within a reasonable time to affirm or deny coverage" on the claim "or to submit a reservation of rights to Plaintiffs;" and 541.060(a)(7) for "refusing to pay Plaintiffs' Claim without conducting a reasonable investigation."[7]

15.     Plaintiffs' 541.060(a)(1) claim fails as a matter of law. "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Rockbrook*, 2016 WL 8674683, at *3 (quoting *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.)). Boggs' alleged misrepresentation, which is about the amount of damage, if any, caused by hail, does not relate to the coverage at issue. Plaintiffs' 541.060(a)(2)(A) claim fails as well because Boggs, as an adjuster, has no settlement authority and

---

[7] *See* Plaintiffs' Original Petition, at ¶¶ 31-37.

therefore cannot be liable under § 541.060(a)(2)(A). *See Rockbrook Realty Ltd. v. Travelers Lloyds Ins. Co.,* No. 3:16-cv-2376-D, 2016 WL 8674683, at *3 (N.D. Tex. Nov. 18, 2016). Similarly, Plaintiffs' 541.060(a)(3) and 541.060(a)(4) claims fail as well. "[A]n adjuster cannot be held liable under [541.060(a)(4)(A)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *Mainali Corp. v. Covington Specialty Ins. Co.,* 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (second alteration in original) (quoting *One Way,* 2014 WL 6991277, at *5). Likewise, "an adjuster cannot be held liable under 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." *Id.* Finally, Plaintiffs' 541.060(a)(7) claims fail because, like 541.060(a)(2), "the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances…not the individual responsible for conducting the investigation." *2223 Lombardy Warehouse, LLC v. Mount Vernon Fire Insurance Company*, No. 3:17-CV-2795-D, 2019 WL 1583558, at * (citing *Rockbrook*, 2016 WL 8674683, at *4 (alteration in original) (quoting *One Way*, 2014 WL 6991277, at *4).

16.    As such, Plaintiffs' Original Petition fails to establish a plausible right to recovery against Boggs. Accordingly, Boggs was improperly joined and should be dismissed from this suit. *Id.*; *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co*., No. 4:09-cv-165-A, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Jones v. Allstate Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3:13-CV-4101-P, 2014 WL 1347872

(N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

ii. **_Alternatively, United Property's 542A Election Abrogates All Potential Recovery Against Boggs_**

17.     Even if it is determined that Plaintiffs' Petition does state a valid state-law cause of action against Boggs, his citizenship should not be considered when analyzing this matter for complete diversity because United Property elected to accept all liability on behalf of Boggs pursuant to Texas Insurance Code § 542A.006. *See generally Flores v. Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 5695553 (W.D. Tex. Oct. 31, 2018); *Horton v. Allstate Vehicle and Property Insurance Company*, No. 5:19-cv-00140-FB-RBF, 2019 WL 155494 (W.D. Tex. April 9, 2019). In *Flores* and *Horton*, the court held that post-suit acceptance of agent liability pursuant to Texas Insurance Code 542A.006 guarantees that the plaintiff may not recover against the agent and thus the concerns of the voluntary/involuntary rule are not raised. *Flores*, 2018 WL 5695553 at *6-7; *Horton*, 2019 WL 155494 at *1, FN 1 ("Because Allstate has elected to assume responsibility for [agent], the Court need not consider his citizenship.") (internal citations omitted). Thus, the continued inclusion of an adjuster in a lawsuit where an insurer has accepted liability of that adjuster pursuant to Texas Insurance Code 542A.006 is "tantamount to a finding of improper joinder." *Flores*, 2018 WL 5695553 at *8. The court in *Flores* then concluded that because the inclusion of an agent whose liability had been accepted by an insurer was "tantamount to a finding of improper joinder," such an agent's citizenship should not be condiered when determining whether there was complete diversity amongst the parties for the purposes of 28 U.S.C. § 1332(a). *Id*. Because United Property has accepted any and all liability of Boggs in regards to the claim that is the subject of this litigation, Boggs's citizenship should be disregarded in analyzing whether complete diversity amongst the parties exists in this matter.

**B.**     **THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS**

18.     The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332 (a). Plaintiffs' Original Petition recites that they are seeking actual damages, statutory damages including penalty interest, mental anguish damages, treble damages, exemplary damages and attorney's fees for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, relating to the Defendants' alleged failure to properly adjust the claim for Plaintiffs' alleged property damage.  Further, Plaintiffs' Petition states Plaintiffs are seeking no less than $100,000.00 but no more than $200,000.00 for their damages.  Thus, Plaintiffs' Petition shows on its face that Plaintiffs' claims are in excess of $75,000.00.  *See* Plaintiffs' Original Petition incorporated herein under **Exhibit B**.

## II.     EXHIBIT INDEX

**Exhibit A**     Index of Matters Being Filed

**Exhibit B**     All Executed Process in this Case

**Exhibit C**     List of all Counsel of Record

**Exhibit D**     Civil Cover Sheet

## III.     THE REMOVAL IS PROCEDURALLY CORRECT

19.     All parties who have been properly joined or served with Summons consent to the removal of this case to Federal Court.

20.     Venue is proper in this District because the district and division embrace the place where the removal action has been pending.

21.     United Property will promptly provide written notice of the filing of this Notice of Removal to all parties and to the clerk of the 122nd Judicial District Court of Galveston County, Texas.

DATE: November 8, 2019

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: */s/ Sarah R. Smith*
      Sarah R. Smith
      Texas State Bar No. 24056346
      USDC-SD Texas No. 1196616
      Sarah C. Plaisance
      Texas State Bar No. 24102361
      USDC-SD Texas No. 3310762
      24 Greenway Plaza, Suite 1400
      Houston, Texas 77046
      Telephone: 713.659.6767
      Facsimile: 713.759.6830
      sarah.smith@lewisbrisbois.com
      sarah.plaisance@lewisbrisbois.com

      ATTORNEYS FOR DEFENDANT,
      UNITED PROPERTY & CASUALTY
      INSURANCE COMPANY

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on November 8, 2019, via e-filing  addressed to:

Andrew C. Cook                          ***Via Eserve***
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, TX 77074
acc@texasinsurancelaw.com

Sean H. McCarthy
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Smccarthy@williamskherkher.com

*Attorneys for Plaintiffs*

/s/ Sarah R. Smith
Sarah R. Smith