# EXHIBIT B

## Case Information

19-CV-1894 | Trent Norris Et Al vs. United Property and Casualty Insurance Company Et Al

Case Number
19-CV-1894

Court
122nd District Court

Judicial Officer
Ellisor, John

File Date
10/02/2019

Case Type
Contract - Other

Case Status
Active

## Party

Plaintiff
Norris, Trent

Active Attorneys ▾

Lead Attorney
Cook, Andrew
Retained

Attorney
McCarthy, Sean H.
Retained

Plaintiff
Owen, Dayna

Active Attorneys ▾

Lead Attorney
Cook, Andrew
Retained

Attorney
McCarthy, Sean H.
Retained

Defendant
United Property and Casualty Insurance Company

Address

Active Attorneys ▾

Lead Attorney
Smith, Sarah R.
Retained

Registered Agent, CT Corporation System
1999 Bryan Street, Suite 900
Dallas TX 75201

Defendant
**Boggs, Thomas**

**Address**
800 2nd Ave S
Saint Petersburg FL 33701

## Events and Hearings

10/02/2019 OCA Case Information Sheet ▼

20191001 - Norris - Civil Case Info Sheet.pdf

Comment
Civil Case Information Sheet

10/02/2019 Original Petition - OCA ▼

20191001 - Norris - Orig. Pet. w - discovery - FINAL.pdf

Comment
Plaintiffs Original Petition and Jury Demand

10/02/2019 Request for Civil Service ▼

20191002 - Norris - Civil Process Req.pdf

Comment
Request for Issuance of Service-Issue 2 citations-email to atty-
assigned to Robin G

10/03/2019 Status Conference Sheet ▼

Status Conference Sheet

10/03/2019 Receipt Acknowledge ▼

Receipt Acknowledge

Receipt Acknowledge

Comment
Email confirmation from atty's -Re: Status Conference Sheet

10/04/2019 Citation Issuance - Work Product ▾

Citation Issuance - Work Product

Comment
Issued 1 citation @ $8.00 along with status conference. Emailed to attorney /RG

10/04/2019 Citation Issuance - Work Product ▾

Citation Issuance - Work Product

Comment
Issued 1 citation @ $8.00 along with status conference. Emailed to attorney /RG

10/04/2019 Receipt Acknowledge ▾

Receipt Acknowledge

Comment
E-mail confirmation for 2 Citations

10/08/2019 Notice - From Court of Setting Date ▾

Notice - From Court of Setting Date

| Judicial Officer | Comment |
| --- | --- |
| Ellisor, John | Set for 12/26/2019 at 9:30 / Stautus Conference |

10/09/2019 Return of Service on Citation/Subpoena ▾

Norris - Proof of Service - Signed (UPC).pdf

Comment
Return of Service - Signed

11/04/2019 Original Answer ▾

United Property's Original Answer to Plaintiffs' Original Petition and Request for Disclosure.pdf

Comment
Defendant United Property & Casualty Insurance Company's Original Answer to Plaintiff's Original Petition and Request for Disclosure

11/05/2019 Notice of Filing ▾

UPC's Election of Legal Responsibility Pursuant to 542A.006 of the Texas Insurance Code.pdf

Comment
United Property & Casualty Insurance Company's Election of
Legal Responsibility Pursuant to Section 542.A.006 of The
Texas Insurance Code

11/05/2019 Proposed Order (unsigned) ▼

Norris - Proposed Order of Dismissal on Election Pursuant to 542A.pdf

Comment
Order of Dismissal on Election Pursuant to 542A

12/26/2019 Status Conference ▼

Judicial Officer
Ellisor, John

Hearing Time
9:30 AM

# Financial

Norris, Trent

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $306.00 |
| Total Payments and Credits | | | | $306.00 |
| 10/3/2019 | Transaction Assessment | | | $306.00 |
| 10/3/2019 | Payment | Receipt # 2019-38324-DC | Norris, Trent | ($306.00) |

Cook, Andrew

| | | |
|---|---|---|
| Total Financial Assessment | | $40.00 |
| Total Payments and Credits | | $0.00 |
| 10/3/2019 | Transaction Assessment | $40.00 |

## Documents

20191001 - Norris - Civil Case Info Sheet.pdf

20191001 - Norris - Orig. Pet. w - discovery - FINAL.pdf

20191002 - Norris - Civil Process Req.pdf

Status Conference Sheet

Receipt Acknowledge

Receipt Acknowledge

Citation Issuance - Work Product

Citation Issuance - Work Product

Receipt Acknowledge

Notice - From Court of Setting Date

Norris - Proof of Service - Signed (UPC).pdf

United Property's Original Answer to Plaintiffs' Original Petition and Request for Disclosure.pdf

UPC's Election of Legal Responsibility Pursuant to 542A.006 of the Texas Insurance Code.pdf

Norris - Proposed Order of Dismissal on Election Pursuant to 542A.pdf

Filed: 10/2/2019 7:23 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 37337372
By: Lisa Kelly
10/3/2019 10:01 AM

# CIVIL CASE INFORMATION SHEET

**19-CV-1894**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:                          Email:                     | Plaintiff(s)/Petitioner(s): | ☐Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:                       Telephone:                 | _____<br>_____ | Additional Parties in Child Support Case: |
| City/State/Zip:                Fax:                       | Defendant(s)/Respondent(s): | Custodial Parent: _____ |
| Signature:                     State Bar No:              | _____<br>_____ | Non-Custodial Parent: _____ |
|  |  | Presumed Father: _____ |
|  | [Attach additional page as necessary to list all parties] |  |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>    Liability:<br>_____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>    List Product:<br>_____<br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: _____ | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child:<br>_____ |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

Filed: 10/2/2019 7:23 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 37337372
By: Lisa Kelly
10/3/2019 10:01 AM

19-CV-1894

## CAUSE NO. _____

| | | |
|---|---|---|
| **TRENT NORRIS AND DAYNA OWEN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | Galveston County - 122nd District Court |
| **THOMAS BOGGS** | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## <u>PLAINTIFFS' ORIGINAL PETITION</u>

Plaintiffs, Trent Norris and Dayna Owen, file this Plaintiffs' Original Petition against

Defendants, United Property and Casualty Insurance Company and Thomas Boggs, and for cause

of action, would respectfully show this Honorable Court the following:

### I. <span style="font-variant:small-caps">Discovery Control Plan</span>

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the

<span style="font-variant:small-caps">Texas Rules of Civil Procedure</span>. This case is a first-party insurance suit arising out of covered

property damage to Plaintiffs' home caused by Hurricane Harvey. This dispute involves complex

legal issues originating from the <span style="font-variant:small-caps">Texas Insurance Code</span>, common law, and recent Texas case

law. It will include detailed discovery regarding claims-handling practices, coverage decisions,

adjustment/payment of claims, including Plaintiffs' claim, as well as the systematic approach by

United Property and Casualty Insurance Company and its adjusters to the handling of catastrophic

loss property damage claims arising from Hurricane Harvey. Plaintiffs therefore respectfully ask

this Court to order that discovery be conducted in accordance with a discovery control plan tailored

to the particular circumstances of this suit.

Status Conference set 12-26-19

## II.  PARTIES

2.      Plaintiffs, Trent Norris and Dayna Owen, are Texas residents who reside in Galveston County, Texas.

3.      Defendant, United Property and Casualty Insurance Company ("UPC"), is a foreign insurance company authorized to engage in the business of insurance in the State of Texas. UPC may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      Defendant, Thomas Boggs, is an individual licensed adjuster, who has done business in the State of Texas. Mr. Boggs may be served with process by certified mail, return receipt requested, at his principle place of business located at: 800 2nd Ave S, Saint Petersburg, Florida 33701.

## III.  JURISDICTION AND VENUE

5.       This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs states to seek monetary relief in excess of $100,000.00 and less than $200,000.00. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.      This Court has personal jurisdiction over UPC because UPC is an insurance company authorized to do business in Texas and Plaintiffs' causes of action arise out of UPC's business activities in this State.

7.      This Court has personal jurisdiction over Thomas Boggs because, at all times relevant to this cause, Mr. Boggs was engaged in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of his business activities in this State.

8.     Venue is proper in Galveston County because the insured property is located in Galveston County, and all or a substantial part of the events giving rise to this lawsuit occurred in Galveston County.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV.  FACTS

9.     Plaintiffs own the residential property at 206 Oak Drive, Friendswood, TX 77456 the "Property"). UPC sold, and Plaintiffs paid for, a Texas homeowners' insurance policy (UTH 0337757 00) to protect and insure Plaintiffs' dwelling, other structures, personal property, and other items applicable to the Property.

10.    From August 25th through September 1, 2017, Hurricane Harvey swept across Coastal Texas, causing widespread destruction and devastation. Hurricane Harvey's massive wind field caused widespread destruction in and around Galveston County, and Plaintiffs' Property, specifically.

11.    Plaintiffs' Property suffered extensive wind and wind-related damage during Hurricane Harvey. Specifically, Harvey damaged the Property's roofing system, building envelope, and interior of the Property, and also caused tree falls, which—along with the winds— caused severe damage to the Property fence. The severe and widespread damage to the roof and building envelope created openings that allowed water to penetrate into the Property's interior and led to significant interior water damage.

12.    Following Hurricane Harvey, Plaintiffs promptly and timely reported their Property claim (Claim No. 201TX025994)  under the Policy and asked UPC to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof, repairs to wind and debris damages to all exterior elevations, as well as interior water damage, and fence damage.

13.     Plaintiffs are entitled to these benefits under the UPC Policy as it specifically covered Plaintiffs' dwelling for wind and wind-related damage, and specifically, hurricane damage.  All of the damage to the Property referenced herein and made subject of this suit was covered under the express terms of the UPC Policy.

14.     UPC assigned Thomas Boggs to inspect Plaintiffs' Property and adjust the Claim on its behalf.

15.     Mr. Boggs, however,  failed to perform a reasonable or adequate inspection of the Property or investigation of Plaintiffs' Claim. In his inspection, Mr. Boggs either completely missed or simply ignored damages that were present at the time of his inspection and were clearly attributable to Harvey's winds, and not the floodwaters which, Plaintiffs acknowledge, did also damage certain parts of the Property and which damages were neither covered by the UPC Policy nor made the basis of Plaintiffs' Claim with UPC.

16.     The inadequacy of Mr. Boggs' investigation and adjustment of Plaintiffs' Claim is evidenced by the fact he neither adjusted for, nor included, the full scope of Plaintiffs' roof damage and neglected even to note, much less properly address, non-flood damage to multiple rooms in the Property. Plaintiffs' roof sustained extensive wind damage to its entire surface and to the underlying structure/framing. Evidence of wind damage is readily apparent from even a casual view. The extensive, widespread roof damage resulted in openings which allowed water to penetrate the Property's envelope in multiple locations and resulted directly in substantial interior damage to Plaintiffs' home, which Mr. Boggs also failed to document properly or sufficiently.

17.     Although Plaintiffs notified, and later reminded, UPC numerous times of the significant roof damage that caused major leaks throughout the interior of the Property, Mr. Boggs failed to fully or adequately inspect the damaged areas of Plaintiffs' property, nor account properly for them in his estimate. Mr. Boggs' failure to record the full extent of the wind-damaged Property

resulted in an improperly under-scoped and consequently undervalued estimate for repairs that was submitted to UPC (the "Estimate").

18.     Plaintiffs contend that, upon information and belief, UPC and Mr. Boggs set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiffs' Claim for covered damages. At minimum, UPC ratified Mr. Boggs' unreasonable and improper "investigation" and adjustment of the Claim, resulting in Plaintiffs' Claim effectively being denied in part as well as undervalued and underpaid. Plaintiffs have suffered actual damages resulting from UPC's and Mr. Boggs' wrongful acts and omissions as set forth above and further described herein.

19.     In short, Plaintiffs have yet to receive the full amount of payment to which they are entitled under the Policy because the Claim was improperly and unreasonably adjusted.

## V.   CAUSES OF ACTION

### BREACH OF CONTRACT AGAINST UPC

20.     An insurance policy is considered a contract under Texas law. UPC failed to perform its contractual duties to adequately compensate Plaintiffs in accordance to the terms of the Policy that they wrote and sold to Plaintiffs. Specifically, UPC refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. UPC's conduct constitutes a breach of the insurance contract between UPC and Plaintiffs.

### NON-COMPLIANCE BY UPC WITH THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

21.     UPC's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

22.     Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. UPC's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs damages; (2) stating—by way of the estimate—the Plaintiffs' damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiffs' damages; (3) using the adjuster's statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiffs in fact received.

23.     UPC's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

24.     UPC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

25.     UPC failed to explain to Plaintiffs the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim.   Furthermore, UPC did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiffs' loss, nor did it provide any explanation for the failure to adequately settle Plaintiffs' Claim.   UPC's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.   TEX. INS. CODE §541.060(a)(3).

26.     Although promptly reported by Plaintiffs to UPC, UPC did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, both exterior and interior. UPC's unfair settlement practice, as described above, of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### NON-COMPLIANCE BY UPC WITH THE TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT

27.     UPC's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

28.     UPC's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

29.     UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

30.      UPC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, despite the fact that at the very same time, UPC knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of UPC's duty of good faith and fair dealing to Plaintiffs, which is both non-delegable and

continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

<div align="center">

**NON-COMPLIANCE BY THOMAS BOGGS WITH THE**
**TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES**

</div>

31.     Mr. Boggs' conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.  TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

32.     Mr. Boggs' is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange UPC's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

33.     Mr. Boggs' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

34.     Mr. Boggs' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

35. The unfair settlement practice of Mr. Boggs, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

36. Mr. Boggs' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

37. Mr. Boggs' unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## VI.  KNOWLEDGE

38. All of the acts described above, together and singularly, were done "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiffs' damages described herein.

## VII.  CONDITIONS PRECEDENT

39. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or UPC waived the same. This includes, but is not limited to, providing notice pursuant to TEX. INS. CODE §542A.003 and pre-litigation alternative dispute resolution, if any. Plaintiffs plead, would show, and does aver that—to the extent any Defendant or Defendants might allege that Plaintiffs' presuit Notice fails, was invalid, or failed to conform strictly with the timeline

required by §542A.003(a)—Plaintiffs' presuit notice and the filing of this lawsuit fall within the savings clause of §542A.003(d)(1).

## VIII.  DAMAGES

40.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

41.     As previously mentioned, Plaintiffs' covered losses have not been properly addressed or paid, which has prevented Plaintiffs from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiffs. These damages and losses are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the terms of the Policy at issue and of the laws set forth above.

42.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain with respect to their purchase of the Policy, which is the amount of their Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

43.     For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiffs are entitled to, and hereby, seek recovery of three times their actual damages. TEX. INS. CODE §541.152.

44.     For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiffs are entitled to interest on the amount of the Claim as damages at the applicable rate as determined under TEX. INS. CODE §542.060(a), §542.060(c), and TEX. FIN. CODE §304.003, together with reasonable and necessary attorneys' fees, which shall be taxed as part of the costs in the case.

45.     For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from UPC's breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

46.     For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorney and law firm whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## IX.  JURY DEMAND

47.     Plaintiffs request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Galveston County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## X.  DISCOVERY REQUESTS TO ALL DEFENDANTS

### REQUESTS FOR DISCLOSURE

48.     Pursuant to Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

### REQUEST FOR PRODUCTION

49.     Plaintiffs' First Request for Production to Defendant UPC is attached hereto as "Exhibit A".  Defendant UPC is required to provide, within 50 days of service of same, all documents and information responsive to these Requests to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

### REQUEST FOR ADMISSION

50.     Plaintiffs' First Request for Admission to Defendant UPC is attached hereto as "Exhibit B".  Defendant UPC is required to provide, within 50 days of service of same, its admissions or denials to these Requests to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

### INTERROGATORIES

51.     Plaintiff Trent Norris' First Set of Interrogatories to Defendant UPC is attached hereto as Exhibit "C-1".  Defendant UPC is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

52.     Plaintiff Trent Norris' First Set of Interrogatories to Defendant Boggs is attached hereto as Exhibit "C-2".  Defendant Boggs is required to provide, within 50 days of service of same, his verified responses to these Interrogatories to Plaintiffs via their attorneys, whose names are subscribed to this pleading.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which they may show themselves to be justly entitled.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**


By: */s/ Andrew C. Cook*
    Andrew C. Cook
    State Bar No. 24057481
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (682) 200-2849
    Email: acc@texinsurancelaw.com

**AND:**

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: */s/ Sean H. McCarthy*
    Sean H. McCarthy
    State Bar No. 24065706
    Email: smccarthy@williamskherkher.com

    8441 Gulf Freeway, Suite 600
    Houston, TX 77017
    Telephone: (713) 230-2200
    Facsimile: (713) 643-6226


**<u>ATTORNEYS FOR PLAINTIFF</u>**

# EXHIBIT "A"

CAUSE NO. _____

| | | |
|---|---|---|
| **TRENT NORRIS AND DAYNA OWEN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **THOMAS BOGGS** | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that all Defendants: (1) answer the Requests for Production separately and fully in writing within 50 days of service. (2) serve your answers to these Requests for Production on Plaintiff by and through their attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585, Houston, Tx 77074; and (3) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at THE COOK LAW FIRM, PLLC. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.      You know the response made was incorrect or incomplete when made; or

    b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.      These Requests call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.      The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person).   The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

C.      The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

D.      "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

E.      If you claim that any document which is required to be identified or produced by you in any response is privileged:

    1.      Identify the document's title and general subject matter;

    2.      State its date;

    3.      Identify all persons who participated in its preparation;

    4.      Identify the persons for whom it was prepared or to whom it was sent;

    5.      State the nature of the privilege claimed; and

    6.      State in detail each and every fact upon which you base your claim for privilege.

F.      "You," "Your," "Yours", "Defendant" and "Defendants" means all Defendants in this case.

G.      "Property" means the property defined in the Petition.

H.      "Policy" means the insurance policy identified in the Petition.

I.      The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

**J.**     "Plaintiff" includes all Plaintiffs and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO
## <u>DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY</u>

1.     All communications and documents, including electronic, between Defendant and Plaintiffs regarding Plaintiffs' claim(s).

<u>RESPONSE</u>:

2.     All communications and documents, including electronic, between Defendant and any third party regarding Plaintiffs' claim(s).

<u>RESPONSE</u>:

3.     All communications and documents, including electronic, between Defendant and any other defendant(s) regarding Plaintiffs' claim(s).

<u>RESPONSE</u>:

4.     All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiffs' claim(s).

<u>RESPONSE</u>:

5.     All communications and documents, including electronic, Defendant sent to any other defendant(s) in this cause of action regarding Plaintiffs or the Property, after Plaintiffs made their claim(s) for coverage.

<u>RESPONSE</u>:

6.     Color copies of all photographs, diagrams, drawings, or other graphic depictions of Plaintiffs or the Property made the basis of this Lawsuit.

<u>RESPONSE</u>:

7.     Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries, regarding the insurance claim(s) made the basis of this lawsuit.

<u>RESPONSE</u>:

8.     All reports and other documents from governmental agencies or offices regarding Plaintiffs' Property or containing officially kept information regarding Plaintiffs' Property.

RESPONSE:

9.      Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs under their homeowner insurance policy/policies, specifically regarding damage to the exterior and interior of Plaintiffs' Property. This request is limited to the last ten (10) years.

RESPONSE:

10.     All documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiffs' Property made the basis of this Lawsuit.

RESPONSE:

11.     Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiffs' Property made the basis of this Lawsuit.

RESPONSE:

12.     Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this Lawsuit.

RESPONSE:

13.     All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, water damage, hail damage, roof damage, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

RESPONSE:

14.     All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

RESPONSE:

15.     All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060. This request is specifically limited to the last five (5) years.

RESPONSE:

16.    All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.*.  This request is specifically limited to the last five (5) years.

RESPONSE:

17.    Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income.  This request is limited to the last five (5) years.

RESPONSE:

18.    Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas.  This request is limited to the last five (5) years.

RESPONSE:

19.    A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas.  This request is limited to the last five (5) years.

RESPONSE:

20.    Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, hail damage claims, roof damage claims, and/or wind damage claims in Texas.  This request is limited to the last five (5) years.

RESPONSE:

21.    Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiffs' claim(s).  This request is limited to the last five (5) years.

RESPONSE:

22.    Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas.  This request is limited to the last five (5) years.

RESPONSE:

23.     Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

        RESPONSE:

24.     Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiffs' claim(s) asserted in this lawsuit, prepared on behalf of Defendant.  This request is limited to the State of Texas.  This request is limited to the last five (5) years.

        RESPONSE:

25.     A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

        RESPONSE:

26.     The most recent address maintained on file for any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

        RESPONSE:

27.     Any and all activity logs relating to Plaintiffs' claim(s) for property damage, hurricane damage, hail damage, roof damage, and/or wind damage to their property, specifically the claim(s) made the basis of this suit.

        RESPONSE:

28.     Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiffs' claim(s).

        RESPONSE:

29.     Any and all organizational charts for Defendant.

        RESPONSE:

30.     Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiffs' claim(s) was assigned.  This request is limited to the last five (5) years.

        RESPONSE:

31.     Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).

        RESPONSE:

32.     Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit in Texas. This request is limited to the last five (5) years.

        RESPONSE:

33.     Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.  This request is limited to the last five (5) years.

        RESPONSE:

34.     Any and all documents reflecting or relating to Defendant's decision to pay or deny additional living expenses to or on behalf of Plaintiffs in this case.

        RESPONSE:

35.     Any and all documents relating to the assignment of Plaintiffs' claim(s) to any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

        RESPONSE:

36.     Any and all documents relating to or reflecting referrals of vendors to Plaintiffs or any insured.

        RESPONSE:

37.     If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

        RESPONSE:

38.     Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this Lawsuit.

RESPONSE:

39.     Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiffs, and any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this Lawsuit.

RESPONSE:

40.     All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

RESPONSE:

41.     Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

RESPONSE:

42.     Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by homeowner insureds.  This request is limited to the last five (5) years.

RESPONSE:

43.     Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiffs' claim(s).

RESPONSE:

44.     All computer files, databases, electronically-stored information or computer-stored information regarding the claims handling procedures and protocols used in Texas related to property damage claims (specifically, hurricane, water, roof and/or catastrophe claims) that have been compiled, prepared, supervised and/or directed by Defendant, which would have been accessible or applicable to the claim(s) made the basis of this lawsuit.  This request is limited to Texas and the time period starting January 1, 2016 to present.  This request includes documents in Defendant's possession as well as in possession of any third party adjusting company or adjuster used by Defendant to adjust such referenced claims from January 1, 2016 to present.

RESPONSE:

45.     True and complete copies of all activity logs filed by the staff and independent adjusters on the file.

RESPONSE:

46.     Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

RESPONSE:

47.     Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters.  This request is limited to the last five (5) years.

RESPONSE:

48.     Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims from 2012 to present.

RESPONSE:

49.     Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage, hail damage, roof damage and/or wind damage claims, including staff and vendors.

RESPONSE:

50.     Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, roof damage and/or wind damage.

RESPONSE:

51.     Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, roof damage, and/or wind damage claims.

RESPONSE:

52.     Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, roof damage, and/or wind damage claims for 2012 through the present. Include a list of the lawsuits where testimony was given.

RESPONSE:

53.     Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, Hurricane Harvey claims, wind damage claims, hail damage claims, and/or roof damage claims training.  This request is limited to the last ten (10) years.

        RESPONSE:

54.     Any and all reports, documents or correspondence containing lists of files with written complaints or Department of Insurance complaints on property damage, hurricane damage, wind damage, hail damage, and/or roof damage claims previously gathered and produced in other TDI complaints or lawsuits.  This request is limited to the last five (5) years.

        RESPONSE:

55.     Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs under the insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

        RESPONSE:

56.     Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs regarding the insurance claim made the basis of this lawsuit.

        RESPONSE:

57.     Studies commissioned by Defendant, including any done by a law firm, to analyze their claim management strategies, and/or to help them improve corporate profits.

        RESPONSE:

58.     Affidavits or depositions of the employee(s) who handled Plaintiffs' claim(s), or their supervisors, in other cases involving the same or similar allegations in this case.

        RESPONSE:

59.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents and tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony.

        RESPONSE:

60.     Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing a conviction of crime which you intend to use as evidence to impeach Plaintiff or any witnesses.

RESPONSE:

61.     All correspondence, whether hand written, typed, computer generated, or emails regarding pricing used by Defendant in the adjusting of wind, hail, or claims in Galveston County, Texas.  This request is limited to the past three (3) years.

RESPONSE:

62.     All correspondence, whether hand written, typed, computer generated, or emails regarding variations from Defendant's price list, including, but not limited to, when a variation is permissible, who is authorized to make such variations and what documentation, if any, must be included in a file with a pricing variation.

RESPONSE:

63.     All correspondence, whether hand written, typed, computer generated, emails, instructions, procedures and/or company policies regarding the unit roofing prices used by Defendant for wind, hail, or claims in Galveston County, Texas., including, but not limited to, what items Defendant alleges to be included in these unit prices. This request is limited to the past three (3) years.

RESPONSE:

64.     All communications and documents, including electronic, regarding Defendant's process of selecting engineers in its adjusting process. This request is limited to the last five years.

RESPONSE:

65.     All communications and documents, including electronic, regarding coverage disputes between Defendant and engineers in the adjusting process.

RESPONSE:

66.     All communications and documents, including electronic, regarding the payment of overhead and profit. This request is limited to the last five years.

RESPONSE:

67.     All communications and documents, including electronic, regarding Defendant's process for storing and retrieving documents and emails.

RESPONSE:

68.     All communications and documents, including electronic, regarding Defendant's use of depreciation in insurance claims, including, but not limited to, how depreciation is calculated on a particular item and what training, if any, adjusters employed by or working on behalf of Defendant receive on calculating depreciation and what evidence Defendant requires a policyholder to present in order to receive the holdback depreciation on his claim. This request is limited to the last five years.

RESPONSE:

Respectfully submitted,

**THE COOK LAW FIRM, PLLC**


By: */s/ Andrew C. Cook*
    Andrew C. Cook
    State Bar No. 24057481
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (682) 200-2849
    Email: acc@texinsurancelaw.com

**AND:**

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: */s/ Sean H. McCarthy*
    Sean H. McCarthy
    State Bar No. 24065706
    Email: smccarthy@williamskherkher.com
    8441 Gulf Freeway, Suite 600
    Houston, TX 77017
    Telephone: (713) 230-2200
    Facsimile: (713) 643-6226


**<u>ATTORNEYS FOR PLAINTIFF</u>**

# **EXHIBIT B**

CAUSE NO. _____

| | | |
|---|---|---|
| **TRENT NORRIS AND DAYNA OWEN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **THOMAS BOGGS** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPNAY

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that all Defendants: (1) answer the following Request for Admissions separately and fully in writing under oath within 50 days of service; (2) serve your answers to the Request for Admissions on Plaintiff by and through their attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585,Houston,Tx 77074 ; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a. You know the response made was incorrect or incomplete when made; or

b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO**
**DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY**

1. Admit Plaintiffs submitted the claim for storm damage identified with Claim No. 2017TX025994 within the deadlines prescribed by the Policy.

**RESPONSE:**

2. Admit Plaintiffs fully complied with all contractual obligations imposed by the Policy.

**RESPONSE:**

3. Admit that Defendant UPC should assist its policyholders with their insurance claims.

**RESPONSE:**

4. Admit that Defendant UPC must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

**RESPONSE:**

5. Admit that Defendant UPC should treat its policyholders' interests as no less than equal to its own.

**RESPONSE:**

6. Admit that Defendant UPC issued an Insurance Policy (Policy No. UTH033775701) providing property insurance coverage for the Property located at 206 Oak Dr., Friendswood, TX 77546 to Plaintiffs: Trent Norris and Dayna Norris.

**RESPONSE:**

7. Admit that Plaintiffs paid Defendant UPC for the Insurance Policy (Policy No.: UTH033775701).

**RESPONSE:**

8. Admit that Defendant UPC accepted Plaintiff(s)' money in exchange for its issuance of the Insurance Policy (Policy No.: UTH033775701).

**RESPONSE:**

9. Admit that The Insurance Policy (Policy No.: UTH033775701) provides coverage for damage caused by wind, during the Policy Period, to the covered Property.

**RESPONSE:**

10. Admit that The Insurance Policy (Policy No.: UTH033775701) provides coverage for damage caused by hail, during the Policy Period, to the covered Property.

**RESPONSE:**

11. Admit that Plaintiff(s) submitted a claim (Claim No.: 2017TX025994) to Defendant UPC for damage to the covered Property caused by wind.

**RESPONSE:**

12. Admit that Defendant UPC, either itself or through a third-party, investigated Claim No. 2017TX025994.

**RESPONSE:**

13. Admit that as part of its investigation of Claim No. 2017TX025994, Defendant UPC, either itself or through a third-party, assigned a Date of Loss to the underlying event for which Plaintiff(s) sought coverage.

**RESPONSE:**

14. Admit that The Date of Loss assigned to Claim No. 2017TX025994 occurred during the Policy Period of Insurance Policy (Policy No.: UTH033775701).

**RESPONSE:**

15. Admit that Under the terms of the Insurance Policy (Policy No.: UTH033775701), in order for Plaintiff(s) to be entitled to receive monetary Policy Benefits, there must be a covered loss that exceeds the amount of Plaintiff(s)' Deductible.

**RESPONSE:**

16. Admit that During its investigation of Claim No. 2017TX025994, and prior to the date it first anticipated litigation, Defendant UPC determined that Plaintiff(s) were not entitled to monetary Policy Benefits for this claim.

**RESPONSE:**

17. Admit that During its investigation of Claim No. 2017TX025994, and prior to the date it first anticipated litigation, UPC determined that Plaintiff(s) were entitled to monetary Policy Benefits for this claim.

**RESPONSE:**

18. Admit that Prior to the date it first anticipated litigation, UPC denied coverage for Claim No.: 2017TX025994.

**RESPONSE:**

19. Admit that Prior to the date it first anticipated litigation, UPC accepted coverage for Claim No.: 2017TX025994.

**RESPONSE:**

20. Admit that Prior to the date it first anticipated litigation, Defendant UPC communicated to Plaintiff(s) its determination that Plaintiff(s) were not entitled to monetary Policy Benefits for Claim No. 2017TX025994.

**RESPONSE:**

21. Admit that Prior to the date it first anticipated litigation, Defendant UPC communicated to Plaintiff(s) its determination that Plaintiff(s) were entitled to monetary Policy Benefits for Claim No. 2017TX025994.

**RESPONSE:**

22. Admit that Prior to the date it first anticipated litigation, Defendant UPC provided monetary Policy Benefits to Plaintiff(s) for Claim No. 2017TX025994.

**RESPONSE:**

23. Admit that Prior to the date it first anticipated litigation, Defendant UPC did not provide monetary Policy Benefits to Plaintiff(s) for Claim No. 2017TX025994.

**RESPONSE:**

Respectfully submitted,

**THE COOK LAW FIRM, PLLC**

By: */s/ Andrew C. Cook*
     Andrew C. Cook
     State Bar No. 24057481
     7324 Southwest Freeway, Suite 585
     Houston, Texas  77074
     Tel. (713) 401-2890
     Facsimile: (682) 200-2849
     Email: acc@texinsurancelaw.com

**AND:**

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: */s/ Sean H. McCarthy*
     Sean H. McCarthy
     State Bar No. 24065706
     Email: smccarthy@williamskherkher.com

     8441 Gulf Freeway, Suite 600
     Houston, TX 77017
     Telephone: (713) 230-2200
     Facsimile: (713) 643-6226

**<u>ATTORNEYS FOR PLAINTIFF</u>**

# **<u>EXHIBIT C-1</u>**

CAUSE NO. _____

| | | |
|---|---|---|
| **TRENT NORRIS AND DAYNA OWEN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **THOMAS BOGGS** | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that all Defendant UPC: (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) serve your answers to these Interrogatories on Plaintiff by and through their attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585,Houston,Tx 77074 ; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.      You know the response made was incorrect or incomplete when made; or

    b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

**PLAINTIFF TRENT NORRIS'S FIRST SET OF INTERROGATORIES TO**
**DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY**

1.　　Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of 2017TX025994.

**ANSWER:**

2.　　Identify all persons involved in any coverage decisions with respect to 2017TX025994.

**ANSWER:**

3.　　Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

      a.　The name of the accused;

      b.　The charged offense;

      c.　Whether the crime was a felony or involved moral turpitude;

      d.　The date of final conviction; and

      e.　The style, case number, and county of the proceeding.

**ANSWER:**

4.　　Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**

5.　　Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**

6.　　Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

**ANSWER:**

7.  If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.  If you or any individual adjuster or claims handler that was assigned by a named Defendant in this lawsuit to adjust or handle the claim made basis of this lawsuit have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.  State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in Plaintiffs' current live pleading against Defendant.

**ANSWER:**

10. State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days); acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiffs reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledgment of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiffs' current live pleading against Defendant.

**ANSWER:**

11. State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056, in that Defendant followed all statutory deadlines by notifying Plaintiffs in writing the acceptance or rejection of Plaintiffs' claim no later than the 15th business day

after receipt of any requested information from Plaintiffs, in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days, including stating the reason if rejected or explanation of why Defendant cannot do so within that time, as refuted in Plaintiffs' current live pleading against Defendant.

**ANSWER:**

12.    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by § 542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiffs' current live pleading against Defendant.

**ANSWER:**

13.    Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**

14.    For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

    a.  The number of times that expert has been retained by a defendant in any case;
    b.  The number of times that expert has been retained by a plaintiff in any case;
    c.  The number of times that expert has been retained by the attorney representing Defendant in this suit;
    d.  The number of times that expert has been retained by the law firm representing Defendant in this suit; and
    e.  The amount of compensation received or to be received in this case.

**ANSWER:**

15.     Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of overhead and profit to homeowners' property damage claims.

**ANSWER:**

16.     Identify the location where Defendant keeps, stores, or maintains any Texas Department of Insurance bulletin, communication, or document that explains, addresses, or relates to the proper application of depreciation to homeowners' property damage claims.

**ANSWER:**

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**


By: */s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Facsimile: (682) 200-2849
Email: acc@texinsurancelaw.com

**AND:**

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: */s/ Sean H. McCarthy*
Sean H. McCarthy
State Bar No. 24065706
Email: smccarthy@williamskherkher.com

8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

**<u>ATTORNEYS FOR PLAINTIFF</u>**

# **<u>EXHIBIT C-2</u>**

<div align="center">

**CAUSE NO. _____**

</div>

| | | |
|---|---|---|
| **TRENT NORRIS AND DAYNA OWEN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **THOMAS BOGGS** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT THOMAS BOGGS**</u>

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that all Defendants: (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) serve your answers to these Interrogatories on Plaintiff by and through their attorney of record, Andrew C. Cook, THE COOK LAW FIRM, PLLC, 7324 Southwest Fwy, Suite 585,Houston,Tx 77074 ; You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

**PLAINTIFF TRENT NORRIS'S FIRST SET OF
INTERROGATORIES TO DEFENDANT THOMAS BOGGS**

1.      Identify all persons and entities involved, associated, or in any way related to the investigation or adjustment of 2017TX025994.

**ANSWER:**

2.      Identify all persons involved in any coverage decisions with respect to 2017TX025994.

**ANSWER:**

3.      Please identify all evidence that may be used to impeach, by proof of final conviction, any witness, including Plaintiff, by stating the following identifying information pursuant to Rule 609 of the Texas Rules of Evidence:

        a.   The name of the accused;

        b.   The charged offense;

        c.   Whether the crime was a felony or involved moral turpitude;

        d.   The date of final conviction; and

        e.   The style, case number, and county of the proceeding.

**ANSWER:**

4.      Pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, identify any documents that have been withheld from discovery by this Defendant, based on a claim of privilege either in response to a Request for Disclosure or a Request for Production.

**ANSWER:**

5.      Identify any and all rebuttal or impeaching witnesses who may be called to testify at trial.

**ANSWER:**

6.      Please list those expert witnesses (if any) identified by Plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*.  Please state the basis of your contention that they are not qualified.

**ANSWER:**

7.     If you contend that any opinion rendered by any expert identified by Plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Texas Supreme Court which you contend extends the holdings of *Robinson*, please state the basis of your contention.

**ANSWER:**

8.     If you or any individual adjuster or claims handler that was assigned by a named Defendant in this lawsuit to adjust or handle the claim made basis of this lawsuit have been convicted of a felony or other crime involving moral turpitude, identify the nature of the offense and the date and place of such conviction.

**ANSWER:**

9.     State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in Plaintiffs' current live pleading against Defendant.

**ANSWER:**

10.    Identify by name, address, and telephone number any expert witness who is not expected to be called as a witness, but whose work product forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness.

**ANSWER:**

11.    For each consulting expert whose work product has been reviewed or relied upon by a testifying expert, please state:

   a. The number of times that expert has been retained by a defendant in any case;
   b. The number of times that expert has been retained by a plaintiff in any case;
   c. The number of times that expert has been retained by the attorney representing Defendant in this suit;
   d. The number of times that expert has been retained by the law firm representing Defendant in this suit; and
   e. The amount of compensation received or to be received in this case.

**ANSWER:**

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**


By: */s/ Andrew C. Cook*
    Andrew C. Cook
    State Bar No. 24057481
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (682) 200-2849
    Email: acc@texinsurancelaw.com

**AND:**

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: */s/ Sean H. McCarthy*
    Sean H. McCarthy
    State Bar No. 24065706
    Email: smccarthy@williamskherkher.com
    8441 Gulf Freeway, Suite 600
    Houston, TX 77017
    Telephone: (713) 230-2200
    Facsimile: (713) 643-6226


**<u>ATTORNEYS FOR PLAINTIFF</u>**

Filed: 10/2/2019 7:23 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 37337372
By: Lisa Kelly
10/3/2019 10:01 AM

# CIVIL PROCESS REQUEST FORM

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| --- |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): _____

**FILE DATE OF MOTION:** _____

Month/        Day/        Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME: _____

ADDRESS: _____

AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):

☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **MAIL**                                ☐ **CERTIFIED MAIL**

☐ **PUBLICATION:**

Type of Publication:     ☐ **COURTHOUSE DOOR,  or**

☐ **NEWSPAPER OF YOUR CHOICE:** _____

☐ **OTHER,** *explain* _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

*******************************************************************************************************

2.  NAME: _____

ADDRESS: _____

AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):

☐ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **MAIL**                                ☐ **CERTIFIED MAIL**

☐ **PUBLICATION:**

Type of Publication:     ☐ **COURTHOUSE DOOR,  or**

☐ **NEWSPAPER OF YOUR CHOICE:** _____

☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: _____     TEXAS BAR NO./ID NO. _____

MAILING ADDRESS: _____

PHONE NUMBER: _____   _____     FAX NUMBER: _____   _____

area code          phone  number                                          area code        fax  number

EMAIL ADDRESS: _____

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.

SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____        AMENDED PETITION
_____        SUPPLEMENTAL PETITION

COUNTERCLAIM
_____        AMENDED COUNTERCLAIM
_____        SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____        AMENDED CROSS-ACTION
_____        SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____        AMENDED THIRD-PARTY PETITION
_____        SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____        AMENDED INTERVENTION
_____        SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____        AMENDED INTERPLEADER
_____        SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO:   _____
                                (specify)

MOTION TO:   _____
                                (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

## The District Courts of Galveston County, Texas Status Conference Notice

## Please calendar this event

**All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)**

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

## Date: 12/26/2019  set in the 122nd District Court

| Case Number: | 19-CV-1894 |
|---|---|
| **Case Style:  Trent Norris Et Al vs. United Property and Casualty Insurance Company Et Al** | |

*Helpful Information: Please visit our website at*
*http://www.galvestoncountytx.gov/dc/Pages/default.aspx*

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*Helpful Links to Legal Resources and sites*

**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.**

**Kelly, Lisa**

| | |
|---|---|
| **From:** | postmaster@NETORGFT2789611.onmicrosoft.com |
| **To:** | 'acc@texinsurancelaw.com' |
| **Sent:** | Thursday, October 3, 2019 10:21 AM |
| **Subject:** | Delivered: 19-CV-1894 - Status Conference Sheet |

## Your message has been delivered to the following recipients:

'acc@texinsurancelaw.com' (acc@texinsurancelaw.com)

Subject: 19-CV-1894 - Status Conference Sheet

**Kelly, Lisa**

---

**From:**     Microsoft Outlook
**To:**        'smccarthy@williamskherkher.com'
**Sent:**      Thursday, October 3, 2019 10:26 AM
**Subject:**   Relayed: 19-CV-1894 - Status  Conference Sheet

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

'smccarthy@williamskherkher.com' (smccarthy@williamskherkher.com)

Subject: 19-CV-1894 - Status Conference Sheet

## CITATION

### THE STATE OF TEXAS

TRENT NORRIS ET AL VS. UNITED PROPERTY AND CASUALTY
INSURANCE COMPANY ET AL

**Cause No.: 19-CV-1894**
**122nd District Court of Galveston County**

TO:     **United Property and Casualty Insurance Company**
        **Registered Agent CT Corporation System**
        **1999 Bryan Street Suite 900**
        **Dallas TX 75201**

---

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **122nd District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **October 02, 2019**. It bears cause number **19-CV-1894** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 4th day of October, 2019.**

Issued at the request of:
Andrew  Cook
The Cook Law Firm PLLC
7324 Southwest Freeway Suite 585
Houston TX 77074

**John D. Kinard**, District Clerk
Galveston County, Texas





By      Robin Gerhardt, Deputy

---

| The District Courts of Galveston County, Texas Status Conference Notice<br>Please calendar this event | | | | |
|---|---|---|---|---|
| All Status Conferences will be set for Thursdays (subject to exceptions for county holidays) | | | | |
| Court Name | Status Conference Time | Court Phone Number | | |
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

## Date :12/26/2019 set in the 122nd District Court - Judge John Ellisor

## RETURN OF SERVICE

| Case no. 19-CV-1894 | In the 122nd District Court |
|---|---|

**Trent Norris Et Al vs. United Property and Casualty Insurance Company Et Al**

Come to hand on _____ at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named party in person, a true copy of the CITATION with the delivery endorsed thereon, together with the accompanying copy of the **Original Petition - OCA** at the following times and places, to wit:

**To:   United Property and Casualty Insurance Company**
     **Registered Agent CT Corporation System**
     **1999 Bryan Street Suite 900**
     **Dallas TX 75201**

| SERVED: | | ADDRESS/LOCATION | | |
|---|---|---|---|---|
| DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURT HOUSE | | MILEAGE |
| | | | | |
| | | | | |
| | | | | |

and **NOT** executed as to said above named defendant for the reasons shown below:

The diligence used in finding said within named defendant and the **cause or failure to execute** this process is for the following

reason:_____

_____

| **FEES: Serving CITATION and copy  $_____** | |
|---|---|
| **TOTAL FEES AND MILEAGE $** | Mileage _____  miles @ $_____ per mile    Total $_____ |

Signed on _____day of _____, 20_____**Officer**

_____**County, TX**

_____**Deputy /Officer Signature**

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with **rule 107 (c).**The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. **If the return is signed by a person other than a sheriff, constable, or clerk of the court the return shall be signed under penalty of perjury and contain the following statement.**

"My name is _____, my date of birth is_____
                    **(First)**          **(Middle)**          **(Last)**

And my address is _____
                                **Street, City, State, Zip, County**

        **"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."**

**Executed in** _____, **County, State of** _____, **on** _____.

| _____ | _____ |
|---|---|
| **Declarant/Authorized Process Server Signature** | **ID# and expiration of certification** |

## CITATION

### THE STATE OF TEXAS

| | |
|---|---|
| TRENT NORRIS ET AL VS. UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET AL | **Cause No.: 19-CV-1894**<br>**122nd District Court of Galveston County** |

TO:     **Thomas Boggs**
        **800 2nd Ave S**
        **Saint Petersburg FL  33701**

---

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **122nd District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **October 02, 2019**. It bears cause number **19-CV-1894** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 4th day of October, 2019.**

| | | |
|---|---|---|
| Issued at the request of:<br>Andrew   Cook<br>The Cook Law Firm PLLC<br>7324 Southwest Freeway Suite 585<br>Houston TX 77074 |  | **John D. Kinard**, District Clerk<br>Galveston County, Texas<br><br> |

By _____   Robin Gerhardt, Deputy
_____

---

| The District Courts of Galveston County, Texas Status Conference Notice<br>Please calendar this event | | | |
|---|---|---|---|
| **All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)** | | | |
| Court Name | Status Conference Time | Court Phone Number | |
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax    409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax    409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax    409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax    409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax    409-765-2689 |

## Date :12/26/2019 set in the 122nd District Court - Judge John Ellisor

# RETURN OF SERVICE

| Case no. 19-CV-1894 | In the 122nd District Court |
|---|---|

**Trent Norris Et Al vs. United Property and Casualty Insurance Company Et Al**

Come to hand on _____ at _____ o'clock _____.m., and executed in _____County, Texas by delivering to each of the within named party in person, a true copy of the CITATION with the delivery endorsed thereon, together with the accompanying copy of the **Original Petition - OCA** at the following times and places, to wit:

To:   Thomas Boggs
      800 2nd Ave S
      Saint Petersburg FL  33701

| SERVED: | ADDRESS/LOCATION | | |
|---|---|---|---|
| DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURT HOUSE | MILEAGE |
| | | | |
| | | | |
| | | | |

and **NOT** executed as to said above named defendant for the reasons shown below:

The diligence used in finding said within named defendant and the **cause or failure to execute** this process is for the following

reason:_____
_____

| FEES: Serving CITATION and copy  $_____ | Mileage _____  miles @ $_____ per mile    Total $_____ |
|---|---|
| **TOTAL FEES AND MILEAGE $** | |

Signed on _____day of _____, 20_____**Officer**

_____**County, TX**

_____**Deputy /Officer Signature**

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with **rule 107 (c).**The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. **If the return is signed by a person other than a sheriff, constable, or clerk of the court the return shall be signed under penalty of perjury and contain the following statement.**

"My name is _____, my date of birth is_____
                    **(First)**                    **(Middle)**                    **(Last)**

And my address is _____
                                    **Street, City, State, Zip, County**

**"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."**

Executed in _____, County, State of _____, on _____.

| _____ | _____ |
|---|---|
| **Declarant/Authorized Process Server Signature** | **ID# and expiration of certification** |

**Gerhardt, Robin**

| | |
|---|---|
| **From:** | postmaster@NETORGFT2789611.onmicrosoft.com |
| **To:** | 'acc@texinsurancelaw.com' |
| **Sent:** | Friday, October 4, 2019 10:08 AM |
| **Subject:** | Delivered: 19 CV 1894  Citation (2) |

## Your message has been delivered to the following recipients:

'acc@texinsurancelaw.com' (acc@texinsurancelaw.com)

Subject: 19 CV 1894 Citation (2)

19 – CV – 1894
DCNOFCS
Notice – From Court of Setting Date
1913397







### 122nd Judicial District Court

Galveston, County, Texas

### John Ellisor

Judge

# NOTICE OF CASE SETTING/ACTION

October 07, 2019

ANDREW   COOK                Fax: 682-200-2849
THE COOK LAW FIRM PLLC
7324 SOUTHWEST FREEWAY SUITE 585
HOUSTON TX  77074

CASE NUMBER:      19-CV-1894

CASE STYLE:       TRENT NORRIS ET AL VS. UNITED PROPERTY AND CASUALTY
INSURANCE COMPANY ET AL

DATE:             December 26, 2019

TIME:             9:30 AM

TYPE OF SETTING/ACTION: STATUS CONFERENCE
**IN-PERSON ATTENDANCE BY COUNSEL IS MANDATORY. FAILURE TO DO SO MAY RESULT
IN DISMISSAL FOR WANT OF PRESECUTION.**

**It is the Plaintiff's responsibility to give notice to all parties as they are served and/or answer**

FROM:     <u>Becky Hernandez</u>
          COURT ADMINISTRATOR
          122nd JUDICIAL DISTRICT COURT
          600 59TH ST, 4th FLOOR
          GALVESTON, TX 77551
          (409) 766-2275

                              RETURN TO FAX NO.: (409) 770-6265

---

**CONFIDENTIALITY NOTE**

# FAX CONFIRMATION

**Result: Success**

## Sent by:

Name: Fax Sender
Voice Number:
Fax Number:
RightFax ID: WAI.KUP

## Sent to:

Name: Fax User
Company:
Number/Address: 6822002849
Voice Number:
Remote CSID: NEXTIVA54

122nd Judicial District Court
Galveston County, Texas

John Ellisor
Judge

NOTICE OF CASE SETTING/ACTION

October 07, 2019

ANDREW COOK Fax 682-200-2849
THE COOK LAW FIRM PLLC
7324 SOUTHWEST FREEWAY SUITE 585
HOUSTON TX 77074

CASE NUMBER 19-CV-1894

CASE STYLE TRENT NORRIS ET AL VS UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET AL

DATE: December 26 2019

TIME 9:30 AM

TYPE OF SETTING/ACTION: STATUS CONFERENCE
**IN-PERSON ATTENDANCE BY COUNSEL IS MANDATORY. FAILURE TO DO SO MAY RESULT IN DISMISSAL FOR WANT OF PRESECUTION.**

**It is the Plaintiff's responsibility to give notice to all parties as they are served and/or answer**

FROM Becky Hernandez
COURT ADMINISTRATOR
122nd JUDICIAL DISTRICT COURT
600 59th ST 4th FLOOR
GALVESTON TX 77551
(409) 766-2275

RETURN TO FAX NO. (409) 770-6265

CONFIDENTIALITY NOTE

## Details:

Type: Fax

Cover Sheet: has a cover page
Body Pages: 1

Billing Code #1:
Billing Code #2:

Unique ID: WAI.5D9B6385FA1A
Fax Channel: 6

Scanning Device: 172.21.26.49

Scanned at: 10/07/19 16:10:44
Submitted at: 10/07/19 16:10:45
Completed at: 10/07/19 16:10:50

Filed: 10/9/2019 5:25 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 37531410
By: Rolande Kain
10/10/2019 9:36 AM

Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | |
|---|---|
| **District Court**<br>**122nd Judicial District**<br>**Galveston County, Texas** | |

| Plaintiff | Cause # |
|---|---|
| **TRENT NORRIS AND DAYNA OWEN** | **19-CV-1894** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND THOMAS BOGGS** | **10/09/2019    11:45 AM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **10/09/2019    2:16 PM** |

| Documents | Service Fee: |
|---|---|
| **CITATION; PLAINTIFF'S ORIGINAL PETITION** | **$77.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **10/09/2019** at **2:16 PM**: I served **CITATION and PLAINTIFF'S ORIGINAL PETITION** upon **UNITED PROPERTY & CASUALTY INSURANCE COMPANY c/o CT CORPORATION SYSTEM, REGISTERED AGENT** by delivering **1** true and correct copy(ies) thereof, with **UNITED PROPERTY & CASUALTY INSURANCE COMPANY c/o CT CORPORATION SYSTEM, REGISTERED AGENT, Who accepted service, with identity confirmed by subject stating their name, KIM HIGHTOWER, a black-haired black female approx. 45-55 years of age, 5'8"-5'10" tall and weighing 140-160 lbs** at **1999 BRYAN STREET SUITE 900, DALLAS, TX 75201**.

My name is: **John David Whitehead**. My date of birth is: **11/10/1966**

My address is: **2293 Hawes Ave #2177, Dallas, TX 75235**, USA.

My process server identification # is: **PSC-12227**. My Certification expires: **8/31/2021**.

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in ___DALLAS_____ county, TX.

_____
John David Whitehead

___10/09/2019_____
Date Executed



Cook Law Firm

Tracking # 0043852004

Filed: 11/4/2019 9:56 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 38185943
By: Valerie Millican
11/4/2019 10:42 AM

## CAUSE NO: 19-CV-1894

| | | |
|---|---|---|
| **TRENT NORRIS AND** | § | **IN THE DISTRICT COURT OF** |
| **DAYNA OWEN** | § | |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **THOMAS BOGGS** | § | **122ND JUDICIAL DISTRICT** |

## DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property"), Defendant in the above-entitled and numbered cause and files this, its Answer to Plaintiffs' Original Petition and Request for Disclosure and would respectfully show unto the Court the following:

## I.    GENERAL DENIAL

1.1    United Property & Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs be required to prove their charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

## II.    DENIAL OF CONDITIONS PRECEDENT

2.1    The Policy contains certain conditions that have not been satisfied that bar Plaintiffs' recovery, in whole or in part:

**A.    NO ACTION CLAUSE**

2.2      The Policy specifically provides, as conditions precedent to property loss coverage, that no suit can be brought against United Property unless the following policy provisions have been complied with:

**C.     Duties After Loss**

**1.      Your Duties After Loss**

In case of a loss to covered property, you must comply with all of the following duties. We have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you or an "insured" seeking coverage.

**a.**      Give prompt notice to us or our agent. With respect to loss caused by windstorm or hail in the catastrophe area, as defined by the Texas Insurance Code, any claim must be filed with us not later than one year after the date of the loss that is the subject of the claim. However, any such claim may be filed after the first anniversary of the date of the loss for good cause shown by the person filing the claim.

**b.**      Adjust all losses directly with us.

`            ***

**e.**      Protect the property from further damage. If repairs to the property are required, you must:

**(1)** Provide us with an opportunity to inspect the property in its damaged condition and prior to repairs;

**(2)** Provide us with an opportunity to exercise our option to repair;

**(3)** Provide us with specifications of damage and detailed repair estimates prior to making repairs;

**(4)** Make reasonable and necessary repairs to protect the property; and

**(5)** Keep an accurate record of repair expenses.

**f.**      Cooperate with us in the investigation of a claim;
                  ***
**h.**      As often as we reasonably require:

        **(1)** Show the damaged property;

        **(2)** Provide us with records and documents we request and permit us to make copies; and

        **(3)** All insureds must submit to examination under oath, while not in the presence of another "insured", and sign same;

**i.**    Send to us, within 91 days after our request, your signed, sworn proof of loss on a standard form supplied by us. We must request a signed, sworn proof of loss within 15 days after we receive your written notice, or we waive our right to require a proof of loss. Such waiver will not waive our other rights under this policy.

        **(1)** This proof of loss shall set forth, to the best of your knowledge and belief:

            **(a)** The time and cause of loss;

            **(b)** The interest of all "insureds" and all others in the property involved and all liens on the property;

            **(c)** Other insurance which may cover the loss;

            **(d)** Changes in the title or occupancy of the property during the term of the policy;

            **(e)** Specifications of the damaged buildings and detailed repair estimates;

            **(f)** The inventory of damages personal property described in **C.1.f.** above;

            **(g)** Receipts for additional living expenses incurred and records that support the fair rental value loss; and

            ***

**j.**    In the County where the "residence premises" is located; "you," "your" agents, "your" representatives and all "insureds" must submit to examinations under oath and sign the same when asked to do so by "us". At "your" or "our" request; the examinations will be conducted separately and not in the presence of any other persons except legal representation.

        ***

H. **Legal Action Against Us**

    **1.**    Except as provided in Paragraph **2.**, no suit or action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy.

              \*\*\*

    **2.**    With respect to suits brought in connection with claims for loss caused by windstorm or hail in the catastrophe area, as defined by the Texas Insurance Code:

           No action can be brought against us unless there has been compliance with all of the terms of this policy.

              \*\*\*

2.3    Plaintiffs' failure to comply with the above provisions constitutes a breach of the "no action" clause. Accordingly, Plaintiffs are barred from proceeding with their lawsuit and from recovering damages, attorneys' fees, interest or other amounts from United Property.

B.    **LOSS DURING THE POLICY PERIOD**

2.4    The Policy does not cover damages which occurred prior to Policy inception regardless of whether such damages were apparent at the time of the inception of the Policy or discovered at a later date. To the extent that any part of the loss which Plaintiffs complain did not occur during the applicable policy period, the Policy provides no coverage for same.

2.5    The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to Policy inception.

C.    **LOSS ABOVE THE DEDUCTIBLE**

2.6    United Property's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

### III.    <u>DEFENSES</u>

3.1    United Property & Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred.

3.2     The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom United Property had no control, including but not limited to Plaintiffs, therefore, United Property is not liable to Plaintiffs.

3.3     United Property issued a policy of insurance to Dayna Norris and Trent Norris, and United Property adopts its terms, conditions and exclusions as if copied *in extenso*.

3.4     The Policy requires direct, physical loss.

3.5     The Policy does not cover loss caused by flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge; or water which backs up through sewers or drains or overflows or is otherwise discharged from a sump, sump pump or related equipment.

3.6     The Policy does not cover loss caused by wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

3.7     The Policy does not cover loss caused by smog, rust or other corrosion, wet or dry rot.

3.8     The Policy does not cover loss caused by settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings or foundations, walls, floors, roofs or ceilings.

3.9     This Policy does not cover loss caused by constant or repeated seepage or leakage of water or steam or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance.

3.10     The Policy does not cover loss caused by faulty, inadequate or defective maintenance; design, specifications, workmanship, repair, construction, renovation, remodeling, grading compaction; or materials used in repair, construction, renovation or remolding.

3.11     United Property is entitled to any credits or set-offs for prior payments by United Property or other third parties.

3.12     To the extent that Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

3.13     Plaintiffs' extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to insurance benefits.

3.14     To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

3.15     Plaintiffs' extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiffs' underlying insurance claim is necessary to establish any basis for Plaintiffs' extra-contractual, Insurance Code claims.  Because Plaintiffs' allegations are generally based on Defendant's alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions precludes Plaintiffs' extra-contractual, Insurance Code claims.

3.16     To the extent Plaintiffs have failed to carry their burden to segregate the damage attributable solely to the wind-storm event described in Plaintiffs' Original Petition, those damages are not recoverable.

## IV.     <u>REQUEST FOR DISCLOSURE</u>

Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194.

## V.     PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, respectfully prays that Plaintiffs take nothing by their suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which United Property & Casualty Insurance Company may be justly entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*

Sarah R. Smith
Texas State Bar No. 24056346
Sarah C. Plaisance
Texas State Bar No. 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 4th day of November, 2019.

Andrew C. Cook       *Via Eserve*
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, TX 77074
acc@texasinsurancelaw.com

Sean H. McCarthy
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Smccarthy@williamskherkher.com

*Attorneys for Plaintiffs*

*/s/ Sarah R. Smith*
Sarah R. Smith

4831-4684-4842.1

Filed: 11/5/2019 1:35 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 38238787
By: Lisa Kelly
11/5/2019 1:51 PM

## CAUSE NO: 19-CV-1894

| | | |
|---|---|---|
| **TRENT NORRIS AND** | § | **IN THE DISTRICT COURT OF** |
| **DAYNA OWEN** | § | |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **THOMAS BOGGS** | § | **122ND JUDICIAL DISTRICT** |

## DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY PURSUANT TO SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("UPC") and files its Election of Legal Responsibility Pursuant to Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I.     RELEVANT BACKGROUND

1.  Plaintiffs, Trent Norris and Dayna Owen ("Plaintiffs") reported a claim to United Property & Casualty Insurance Company for alleged storm damage to their residence, which was assigned claim no. 2017TX025994 (the "Claim"). The Claim was adjusted by one or more individuals at UPC's request, including Defendant Thomas Boggs ("Adjuster"). For purposes of this Election, the Adjuster is considered UPC's "agent" under Texas Insurance Code section 542A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of UPC's behalf.

### II.     ELECTION

2.  Under section 542A.006(a) of the Texas Insurance Code, UPC hereby elects to accept legal responsibility for whatever liability Adjuster might have to Plaintiffs for his acts or

4824-5631-7356.1

omissions related to the Claim, and by this pleading Plaintiffs are provided written notice of UPC's Election.

### III.     DISMISSAL OF DEFENDANT BOGGS WITH PREJUDICE

3.  Under section 542A.006(c) of the Texas Insurance Code, and based on UPC's Election, this Court "shall dismiss" this action against the Adjuster with prejudice. UPC hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice and files a proposed order simultaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, prays that this Election be filed with the records of this cause and that Defendant Thomas Boggs be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems United Property & Casualty Insurance Company entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Sarah C. Plaisance*
**Sarah R. Smith**
Texas State Bar No. 24056346
**Sarah C. Plaisance**
Texas State Bar No. 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com
ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 5th day of November, 2019.

Andrew C. Cook                                    ***Via Eserve***
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, TX 77074
acc@texasinsurancelaw.com

Sean H. McCarthy
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Smccarthy@williamskherkher.com

*Attorneys for Plaintiffs*

   */s/ Sarah C. Plaisance*
Sarah C. Plaisance

CAUSE NO: 19-CV-1894

| | | |
|---|---|---|
| TRENT NORRIS AND | § | IN THE DISTRICT COURT OF |
| DAYNA OWEN | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY AND | § | |
| THOMAS BOGGS | § | 122ND JUDICIAL DISTRICT |

**ORDER OF DISMISSAL OF DEFENDANT THOMAS BOGGS**

On this day came before the Court Defendant, United Property & Casualty Insurance Company's, Election of Legal Responsibility Pursuant to Section 542A.006 of the Texas Insurance Code. United Property & Casualty Insurance Company has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore **ORDERED, ADJUSTED AND DECREED** that all claims and causes of action brought against Defendant Thomas Boggs in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same.  Any and all relief sought against Defendant Thomas Boggs and not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and any related claim or cause of action brought against Defendant Thomas Boggs shall be borne by the party incurring same.

SIGNED this_____ day of _____, 2019.

_____
JUDGE PRESIDING

4819-0306-2444.1